IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STATE OF UTAH,<br><br>Plaintiff,<br><br>v.<br><br>JAYQWON KEYSHAWN TOBIAS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE TO STATE COURT<br><br>Case No. 1:26-cv-00159-JNP-JCB<br><br>Chief Judge Jill N. Parrish |

The State of Utah charged defendant Jayqwon Keyshawn Tobias in state court with a number of crimes and infractions related to a traffic stop, including the fraudulent alteration of a vehicle's VIN, possession of a vehicle without a VIN, possession of marijuana/spice and drug paraphernalia, providing false information to a peace officer, operating a vehicle without insurance or a driver's license, failure to register the vehicle, speeding, and illegal window tinting. Tobias subsequently filed a notice of removal to this federal court pursuant to 28 U.S.C. § 1443(1). The court ORDERS that this case be summarily remanded to state court because this court does not have subject matter jurisdiction to preside over this criminal prosecution.

Section 1443(1) provides that a state criminal prosecution may be removed to federal court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." "[A] removal petition under 28 U.S.C. s 1443(1) must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (citation omitted). "Second, it must appear, in accordance with the provisions of s 1443(1), that the removal

petitioner is ‘denied or cannot enforce’ the specified federal rights ‘in the courts of (the) State.’” *Id.* (citation omitted).

Removal of Tobias's criminal case to this court is not authorized by § 1443(1) because he has not satisfied the first requirement for removal. Tobias argues that he may remove his criminal prosecution because the state court (1) refused to evaluate his Nineth Amendment liberties, (2) threatened to designate him as a vexatious litigant under Utah law, (3) ruled that his right to confront witnesses against him did not apply to a pretrial evidentiary hearing, (4) violated his Sixth Amendment right to a speedy trial, and (5) permitted a towing company to impound his property without a warrant or judicial oversight. However, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice" to justify removal. *Johnson*, 421 U.S. at 219. Because none of the alleged infringements of Tobias's rights "arises under a federal law ‘providing for specific civil rights stated in terms of racial equality,’" removal of his criminal case is not proper, and this court lacks jurisdiction to preside over this prosecution. *See id.* (citation omitted).

Accordingly, this case is summarily remanded to state court. The court further finds that Tobias's motion for leave to proceed in forma pauperis, Dkt. No. 2, his motion for immediate federal intervention, Dkt. No. 7, and his motion to expedite, Dkt. No. 9, are MOOT.

DATED October 2, 2026.

BY THE COURT

Jill N. Parrish
Chief Judge for the District of Utah